IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL BROOM COMPANY OF CALIFORNIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BROOKSTONE COMPANY, INC.,<br><br>Defendant. | No. C 09-00959 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR STAY** |

Now before the Court is the motion for stay of proceedings filed by Defendant Brookstone Company ("Brookstone"). This motion is fully briefed and ripe for decision. The Court finds this motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 7, 2009, is VACATED. Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby GRANTS Brookstone's motion for stay.[1]

**BACKGROUND**

In November 2008, Brookstone sent Plaintiff National Broom Company of California, Inc. d/b/a JLR Gear ("JLR") a cease and desist letter regarding two of its patents. (Declaration of Jonathan Cohen ("Cohen Decl."), ¶ 6, Ex. A.) After this letter was sent, JLR and Brookstone engaged in settlement negotiations. (*Id.*, ¶ 6.) On March 3, 2009, Brookstone informed JLR that if their infringement dispute could not be settled for a specific amount, Brookstone would

---

[1] JLR's evidentiary objections are OVERRULED. The Court GRANTS Brookstone's request for judicial notice. *See* Fed. R. Evid. 201.

have no choice but to commence litigation. Brookstone asked John Rothman of JLR to let Brookstone know by the end of that week whether the specific amount was acceptable to JLR. Mr. Rothman stated that he would need at least ten days to respond to Brookstone's offer. (*Id*., ¶ 7.) Two days later, on March 5, 2009, JLR filed this declaratory relief action against Brookstone. After JLR filed this lawsuit, Jonathan Cohen of Brookstone called Mr. Rothman. Mr. Rothman acknowledged that JLR filed this lawsuit in order to ensure that any litigation would occur in California. (*Id*., ¶ 8.) Brookstone and JLR then participated in a mediation in Boston on April 30, 2009, but were unable to resolve their dispute. (*Id*., ¶ 10.) During the mediation and in an email sent on May 5, 2009, Mr. Rothman made comments that insinuated JLR had limited funds to satisfy a judgment against it. (Supplemental Declaration of Jonathan Cohen ("Suppl. Cohen Decl."), ¶¶ 7, 8, Ex. A.)

On May 5, 2009, Brookstone filed a complaint against JLR's customers, JC Penny, Inc. ("JC Penny") and the BonTon Stores, Inc. and the Bon-Ton Department Stores, Inc. (collectively, "Bon-Ton") in the United States District Court of New Hampshire. Brookstone now moves to stay the action in this Court.

## ANALYSIS

Brookstone argues that it should not have to litigate this dispute against JLR in this Court because JLR has indicated that it could not satisfy a judgment against it. Moreover, Brookstone asserts that it cannot add one of JLR's largest customers, Bon-Ton, to the action in this Court because Bon-Ton does not have a presence in California. Brookstone thus moves to stay the action in this Court pending the outcome of Brookstone's action against JC Penny and Bon-Ton in New Hampshire.

The "power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of a sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Accordingly, it is within this Court's discretion to determine whether a stay is warranted.

2

The competing interests that a district court must weigh in deciding whether to grant a stay include: (1) "possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55). A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Brookstone bears the burden of proving that such a discretionary stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

Brookstone argues that no damage would result from granting of a stay of this action because JLR is not seeking to recover any damages. If this case is not stayed, based on JLR's insinuations of its inability to satisfy a judgment, Brookstone contends that it would be forced to incur the costs of litigation without being able to fully recover its damages. Moreover, in considering the equities, the only reason the action in this Court was filed before the one in New Hampshire is because JLR requested that Brookstone delay filing suit so that JLR could have more time to consider Brookstone's settlement offer.

JLR opposes Brookstone's motion on the grounds that the action in this Court should take precedence over the action in New Hampshire because it was the first filed action. Under the "first-to-file" rule, a district court may decline jurisdiction over an issue that is properly before another district court. *Kerotest Manufacturing Co. V. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 185-86 (1952). Normally, sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and "no purpose would be served by proceeding with a second action." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Under the "first-to-file" rule, a district court may transfer, stay, or dismiss an action when a similar complaint has been filed in another district court. *Peak v. Green Tree Financial Servicing Corp.*, 2000 WL 973685 at *2 (N.D. Cal. July 7, 2000) (citing *Alltrade, Inc. v.*

3

1  *Uniweld Products, Inc*., 946 F.2d 622, 623 (9th Cir. 1991)).  The rule is not to be applied

2  mechanically, "but rather it is to be applied with a view to the dictates of sound judicial

3  administration."  *Pacesetter*, 678 F.2d at 95.  Special circumstances which may warrant

4  granting an exception to the first-to-file rule are "bad faith, anticipatory suit, and forum

5  shopping."  Alltrade, 946 F.2d at 628; *see also Kahn v. General Motors Corp*., 889 F.2d 1078,

6  1081 (Fed. Cir. 1989) (noting that forum shopping may justify departing from the first-to-file

7  rule).

8      An action is anticipatory when the plaintiff files it upon receipt of specific, concrete

9  indications that a suit by the defendant is imminent.  *Ward v. Follett Corp*., 158 F.R.D. 645, 648

10  (N.D. Cal. 1994); *see also Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 665

11  (N.D. Cal. 2003).  "Such anticipatory suits are disfavored because they are examples of forum

12  shopping."  *Z-Line Designs*, 218 F.R.D. at 665; *see also Alaris Med. Sys. v. Filtertek, Inc.,* 64

13  U.S.P.Q.2d 1955 (S.D. Cal. 2001).  Moreover, the Declaratory Judgment Act should not be used

14  to "deprive the plaintiff of his traditional choice of forum and timing ... provoking a disorderly

15  race to the courthouse."  *Gribin v. Hammer Galleries*, 793 F. Supp. 233, 234-35 (C.D. Cal.

16  1992); *see also DeFeo v. Procter & Gamble Co.* 831 F. Supp. 776, 778 (N.D. Cal. 1993).

17  "Application of the first to file rule in such situations would thwart settlement negotiations,

18  encouraging intellectual property holders to file suit rather than communicate with an alleged

19  infringer."  *Z-Line Designs*, 218 F.R.D. at 665; *see also Charles Schwab & Co. v. Duffy,* 49

20  U.S.P.Q.2d 1862, 1864 (N.D. Cal. 1998).

21      Upon reviewing the record, the Court finds that JLR filed the action in this Court in

22  anticipation of Brookstone's lawsuit and to forum shop, and that JLR filed this action in bad

23  faith.  Accordingly, the Court finds that departing from the first-to-file rule is warranted here.

24      JLR also opposes Brookstone's motion on the grounds that infringement actions

25  involving the manufacture should take precedence over those against customers.  Generally,

26  courts consider whether a declaratory action brought by the manufacturer should take

27  precedence over an action filed against a customer who is simply a reseller of the accused goods

28  in the context of whether the court should depart from the first-to-file rule.  *Kahn*, 889 F.2d at

4

1081.  Here, the customer action was the second filed lawsuit.  Nevertheless, the Court finds that the principle underlying this exception to the first-to-file rule should be applicable in determining whether the first filed declaratory relief action by the manufacturer should take precedence.  However, as the court noted in *Codex Corp. v. Milgo Elec. Corp.*, "[t]here may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer itself, ... and therefore, less weight should be given to the manufacturer's forum." 553 F. 2d 735, 738 n.6 (Fed. Cir. 1977).  Here, JLR has made comments that insinuated JLR had limited funds to satisfy a judgment against it.  (Suppl. Cohen Decl., ¶¶ 7, 8, Ex. A.)  Although JLR protests Brookstone's reliance on these comments, JLR has not presented any evidence demonstrating that it is sufficiently solvent to satisfy a judgment greater than $20,000.  Therefore, the Court finds that Brookstone has a special interest in proceeding against JLR's customers.  The Court further finds that a stay is warranted pursuant to the factors set forth in *Landis*, 299 U.S. at 254.  Accordingly, the Court grants Brookstone's motion to stay these proceedings.

## CONCLUSION

For the foregoing reasons, Brookstone's motion to stay this action is HEREBY GRANTED.  The Clerk of the Court is directed administratively to close this case for statistical purposes.  The parties shall notify the Court within ten days of the resolution of the New Hampshire action, and this entire matter shall thereafter be reopened.

**IT IS SO ORDERED.**

Dated: July 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5